# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CANDICE KATIE TOWNER,

    Plaintiff(s),

v.

FREDERICK O. SILVER,

    Defendant(s).

Case No.: 2:20-cv-00695-KJD-NJK

**ORDER AND REPORT & RECOMMENDATION**

Pursuant to 28 U.S.C. § 1915, Defendant is proceeding in this action *pro se* and has requested authority pursuant to § 1915 to proceed *in forma pauperis*. *See* Docket No. 1. Defendant also filed a notice of removal. Docket No. 1-1.

**I.**    ***In Forma Pauperis* Application**

Defendant has submitted the affidavit required by § 1915(a). Docket No. 1. However, he fails to "describe the amounts owed" for all of his listed "debts or financial obligations." *See id.* at 2. Thus, Defendant's application to proceed *in forma pauperis* is denied without prejudice as incomplete. Nonetheless, the Court will screen Defendant's notice of removal.

**II.**    **Analysis**

Defendant seeks to remove his state family court case—apparently regarding child support —to this Court. Docket No. 1-1 at 1–2; *see also* Docket No. 1-2 at 1, 15. He appears to submit that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332. Docket No. 1-1 at 2–4 (submitting that this case arises under federal law and that complete diversity exists).

Defendant's notice of removal is deficient in two ways. 28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendant "was properly served with the initial pleadings in this case" some time before May 1, 2017, *see* Docket No. 1-2 at 22, and Defendant fails to submit that the case stated by the initial pleading was not removable, *see* 28 U.S.C. § 1446(b)(3). Thus, Defendant's notice of removal is untimely. Timeliness aside, Defendant's notice of removal fails to establish subject matter jurisdiction under Sections 1331 or 1332. Section 1331 requires that the complaint state a cause of action **arising** under the Constitution, laws, or treaties of the United States. Defendant submits only that this case violates federal law—in other words, that he has a defense based on federal law. A federal defense, however, does not establish subject matter jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). Section 1332 requires the amount in controversy to exceed $75,000 and that all plaintiffs are citizens of different states than all defendants. Defendant fails to establish both that the amount in controversy exceeds $75,000 and that he and Plaintiff are citizens of different states.[1]

Accordingly, the Court **DENIES** without prejudice Defendant's application to proceed *in forma pauperis* as incomplete. Docket No. 1. The Court also **RECOMMENDS** that the case be **REMANDED** to the Family Division of the Nevada Eighth Judicial District Court for lack of jurisdiction.

IT IS SO ORDERED.

Dated: June 29, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Moreover, Section 1446(c)(1) bars the removal of a case under Section 1332 "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Defendant fails to allege that Plaintiff acted in bad faith, and the Court does not otherwise see any evidence of bad faith by Plaintiff.

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).